**\*E-Filed: June 3, 2014\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANET MCPHERSON, | No. C14-00191 HRL |
| Plaintiff, | **ORDER THAT CASE BE REASSIGNED TO DISTRICT JUDGE** |
| v. | **REPORT & RECOMMENDATION** |
| MEDIANEWS GROUP d/b/a THE MONTEREY COUNTY HERALD, | **[Re: Docket No. 11]** |
| Defendant. | |

Plaintiff Janet McPherson, acting pro se, filed a complaint against Medianews Group, Inc. in January 2014, and the initial case management conference was set for May 20, 2014. *See* Dkt. Nos. 1, 5. Also in January, the Court granted McPherson's application to proceed in forma pauperis and her motion for permission for electronic case filing. *See* Dkt. Nos. 6, 7. Shortly thereafter, a clerk's notice was issued requesting defendant's address in order to issue the summons. *See* Dkt. No. 8. Another clerk's notice was issued reminding McPherson to file a consent or declination to proceed before a magistrate judge. *See* Dkt. No. 9. After McPherson failed to provide the clerk's office with defendant's address, file a consent or declination to proceed before a magistrate judge, and appear at the case management conference or even submit a statement, the undersigned ordered her to appear in person on June 3, 2014, to show cause, if any, why this case should not be dismissed for failure to prosecute. Again, McPherson did not appear.

A court has authority to dismiss a plaintiff's action *sua sponte* for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). When considering dismissal for lack of prosecution, a district court must weigh the court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to the defendants against the policy favoring disposition of cases on their merits, and the availability of less drastic sanctions. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).

Here, the Court has made numerous efforts to contact McPherson and further the litigation, but she has consistently failed to respond.  Most recently, she violated a court order to appear despite a warning that such a failure would result in dismissal.  McPherson's actions exhibit a disinterest in pursuing this case, and judicial resources cannot continue to be wasted by permitting it to linger.  Moreover, it is unfair to the defendants to leave the case pending and unresolved indefinitely.  McPherson has left the Court with no appropriate alternative but to recommend that the case be dismissed.

Because no party has consented to the undersigned's jurisdiction, this Court ORDERS the Clerk of the Court to reassign this case to a district court judge. The undersigned further RECOMMENDS that the newly-assigned district court judge dismiss this action without prejudice for the reasons set forth above.

Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

**IT IS SO ORDERED.**

Dated: June 3, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C14-00191 HRL Notice will be mailed to:**

Janet McPherson
P.O. Box 981
Seaside, CA 93955